UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 14-074-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ERIC GONZALEZ, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

Defendant Eric Gonzalez has filed a *pro se* seeking reconsideration of the denial of his motion for a sentence reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). [Record No. 792]  He also cites this alleged denial in a Notice of Appeal filed the same day.[1] [Record No. 793]  But Gonzalez has not filed a motion seeking relief pursuant to Amendment 821, nor has this Court entered an Order or Judgment denying him any such relief. Accordingly, Defendant Gonzalez's motion will be denied as improper and the Court will certify that the defendant's appeal is not taken in good faith.

I.

As of November 1, 2023, Amendment 821 to the United States Sentencing Guidelines may be applied retroactively to reduce the sentences of certain defendants who have already been sentenced.  See U.S. Sent'g Comm'm, Guidelines Manual §1B1.10(d) (Nov. 2023); 18 U.S.C. § 3582(c)(2).  While courts were authorized to entertain motions and reduce a term of

---

[1]  The United States Court of Appeals for the Sixth Circuit has not yet provided a case number for Gonzalez's appeal.

imprisonment as early as November 1, 2023, the effective date of a court's sentence reduction could be no earlier than February 1, 2024.  *See* USSG §1B1.10(e)(2).  In September 2023, the United States Sentencing Commission ("USSC") provided this Court with two lists of incarcerated defendants eligible for a sentence reduction pursuant to the retroactive application of Amendment 821.[2]  Defendant Gonzalez was named among those eligible for a sentence reduction pursuant to Amendment 821 (Part A).

The Court entered a General Order outlining the procedures that would be used to review the sentences of those identified by the USSC and those submitting motions for relief. *See* General Order No. 23-21.  For defendants identified by the USSC who did not otherwise move for a reduction, the Court initiated a *sua sponte* review.  Consistent with General Order 23-21, the United States Probation Office for the Eastern District of Kentucky prepared an analysis regarding Gonzalez's eligibility for a retroactive sentence reduction.  The Court directed that the report be shared with Gonzalez and the United States, and both parties were provided an opportunity to address whether a sentence reduction would be appropriate. [Record No. 787]  The United States filed a memorandum opposing a sentence reduction for Defendant Gonzalez on January 22, 2024.  [Record No. 789]  Gonzalez did not file a timely response.

On February 9, 2024, the Court entered a Notice which detailed the findings of its self-initiated consideration of a sentence reduction for Defendant Gonzalez.  [Record No. 790] The filing provided *notice* "that the Court does not intend to reduce Defendant Gonzalez's

---

[2]  One list provided the names of incarcerated defendants eligible for a sentence reduction under Amendment 821 (Part A), the other list provided the names of those eligible under Amendment 821 (Part B, Subpart 1).

previously imposed term of incarceration pursuant to Amendment 821 (Part A) of the United States Sentencing Guidelines." [*Id.*]  The Court instructed that a copy of the Notice be provided to Defendant Gonzalez.

Despite his claim to the contrary, Defendant Gonzalez never filed a motion seeking a sentence reduction under Amendment 821. The Court's *sua sponte* contemplation of a sentence reduction resulted in the filing of a Notice, rather than an Order.[3]  The undersigned's entry of a Notice does not preclude Gonzalez from filing a motion for relief under Amendment 821 because a Notice does not constitute an adjudication.  But unless and until that occurs, there is no decision for the Court to reconsider.

## II.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure instructs that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, . . . ."  Gonzalez was appointed counsel pursuant to the Criminal Justice Act, which required him to receive *in forma pauperis* status in the underlying criminal proceedings.

Rule 24(a)(3) provides two exceptions to this automatic grant of pauper status. Relevant here is an exception where "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding; . . ."  Fed. R. App. P. 24(a)(3)(A).  Having reviewed all relevant information, the undersigned concludes that Defendant Gonzalez does not have a non-frivolous (i.e., good faith) basis for appeal.

---

[3]  This distinction is made clear by the plain text of the filing.  The element of the filing that provides notice and the element that constitutes an Order are expressly labeled as such.

The Supreme Court has recognized that, in the context of 28 U.S.C. § 1915(e)(2), "an appeal on a matter of law is frivolous where 'none of the legal points are arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). More broadly, "[a]n appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Waldman v. Stone*, 854 F.3d 853, 854 (6th Cir. 2017) (quoting *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)).

### A.

Gonzalez's appeal is legally frivolous. Before even reaching the substance of his argument, Gonzalez has not invoked the Sixth Circuit's appellate jurisdiction because an entry of Notice is not a "final decision." *See* 28 U.S.C. § 1291. And while the United States Supreme Court has also acknowledged that "final decision" includes "a small set of prejudgment *orders*," they are nonetheless orders. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (emphasis added). Because this Court has not entered an order of any kind, there is no action to remedy on appeal. Absent a jurisdictional basis for appeal, the petition is legally frivolous.

### B.

Gonzalez's appeal is also frivolous under the broader standard of frivolousness. This articulated two-part test requires the Court to first determine whether an appeal is without merit and then determine whether the purpose behind the filing is proscribed. As discussed above, the appeal is inherently meritless because it seeks review of a decision that has yet to be rendered. *See Monson v. City of Detroit*, Nos. 22-2050/2122, 2024 WL 84093, *10 (6th Cir. Jan. 8, 2024) (noting that an indicator of frivolousness may include untimeliness). To that extent, the substance of the appeal itself is of little consequence. More relevant is that fact that

Gonzalez relies on a material falsehood to establish the basis of his appeal. His Notice of Appeal asserts: "I recently received the denial order from this Court regarding my Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." [Record No. 793] But as previously discussed—and evident from the docket—Defendant Gonzalez has never filed a motion for relief under Amendment. As a result, no judgment has been entered and Gonzalez's assertion that the Court denied him relief is baseless.

### III.

Based upon the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that Defendant Eric Gonzalez's appeal is not taken in good faith.

2. Defendant Gonzalez's motion for reconsideration is **DENIED**, as improper.

3. The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties, the United States Probation Office in Lexington, Kentucky, and the Clerk of the Court for the United States Court of Appeals for Sixth Circuit.

Dated: March 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky